THE GEORGIA PACIFIC RAILWAY COMPANY v. RIGDEN.

SIMMONS, J.—The evidence being conflicting and the trial judge being satisfied with the verdict, we will not interfere with his discretion in refusing a new trial.          *Judgment affirmed.*
April 14, 1890.

Railroads. Verdict. Before Judge VAN EPPS. City court of Atlanta. December term, 1889.

Rigden sued for damages from personal injuries received by him while attempting to couple cars of defendant in Alabama. His evidence tended to show that in March, 1888, he was engaged as train-hand on the railroad. The train with which he was working was coming back to be coupled to a stationary car, and he gave the engineer a signal to stop. The train was stopped, and the cars were standing still when he went between them to make the coupling. On account of a defect in the drawheads, he had to go between the cars for the purpose of knocking the link around so he could make the coupling. He reached for the pin, but at that moment, without a signal, the train was backed against his arm, mashing two of his fingers. The engineer

should have waited for another signal from plaintiff or some one else, and so far as the testimony showed, there was no other signal given by any one before he was hurt. The first finger of one of his hands was mashed, but not mashed off. His hand was not caught by the rebound of the cars. His middle finger was mashed off, and the injury was of such a character as to cause him severe pain and interfere, to some extent, with his performing the ordinary labor of a brakeman. He was earning, at the time he was hurt, about $45 per month. Before he could do what was required of a brakeman, about five months had elapsed. He went back to work again in about thirty-five days and worked two days, but could not use his left hand to amount to anything. He quit because there was a message there, from the master of trains, for the conductor to take a man who was in his (plaintiff's) place while plaintiff was off. Shortly before the trial, plaintiff worked as brakeman on another railroad. The statute of Alabama under which the action was brought (Code of Ala. §2590) was put in evidence.

The evidence for the defendant tended to show that, after the first signal to stop when plaintiff went in between the cars, the engineer did not start the train again, but plaintiff was hurt by the rebound of the cars. It is against the rules of defendant to go between cars while in motion, but to use sticks always in coupling cars, and plaintiff had been instructed as to the sticks. The cars, when he went in, were "supposed to be standing still." There was nothing the matter with the drawheads. When the link clews around, a man could not fix it with a stick, but would have to go in to couple it; and it is customary to so do. Cars frequently rebound, in spite of all that can be done, in coming together. Plaintiff's injuries would interfere but little with his work as brakeman. One witness testified that he

thought plaintiff attempted to make the coupling with a stick and saw that he had failed to do so, and the cars he supposed were standing still, and he went in to drop the pin down and was injured.

The jury found for the plaintiff $550. The defendant moved for a new trial, on the grounds that the verdict was contrary to law and evidence, and excessive. The motion was overruled, and defendant excepted.

JACKSON & JACKSON, for plaintiff in error.

HOKE & BURTON SMITH, contra.